# NO. 12-09-00084-CR
# NO. 12-09-00085-CR
# NO. 12-09-00086-CR
# NO. 12-09-00087-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDDIE LAMON BLACK,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

These appeals are being dismissed for want of jurisdiction. Appellant pleaded guilty to aggravated robbery in four cases. Sentence was imposed in each case on January 29, 2009.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for new trial in any of the four cases. Therefore, his notices of appeal were due to have been filed on or before February 28, 2009. However, Appellant did not file his notices of appeal until March 24, 2009 and did not file a motion for extension of time to file his notices of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in

appellate court).

On March 25, 2009, this court notified Appellant that the information received in these appeals does not reflect that his notices of appeal were timely filed or that he filed a motion for an extension to time to file the notices of appeal. *See* TEX. R. APP. P. 26.2, 26.3. Appellant was notified further that the appeals would be dismissed unless the information in the appeals was amended on or before April 6, 2009 to show the jurisdiction of this court. The deadline for amendment has passed, and Appellant has neither complied with our notice or otherwise responded to it.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeals must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeals are ***dismissed for want of jurisdiction***.

Opinion delivered April 8, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)